UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

    v.                    CASE NO. 5:24-cr-90-TPB-PRL

BRYCE FLEETWOOD

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Bryce Fleetwood, and the attorney for the defendant, Maria Christine Perinetti, mutually agree as follows:

**A.** **Particularized Terms**

1. **Counts Pleading To**

The defendant shall enter a plea of guilty to Counts One and Two of the Indictment. Counts One and Two charge the defendant with Receipt of Child Pornography, in violation of 18 U.S.C. §2252A(a)(2) and (b)(1).

2. **Minimum and Maximum Penalties**

Counts One and Two are each punishable by a mandatory minimum term of imprisonment of 5 years up to 20 years, a fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the

Defendant's Initials _____

Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.   Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts One and Two are:

First:    The Defendant knowingly received items of child pornography;

Second:  The items of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer; and

Third:   When the Defendant received the items, the Defendant believed the items were or contained child pornography.

4.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States

Defendant's Initials _____        2

Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

6. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant

Defendant's Initials _____      3

understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7. <u>Sentencing Recommendation – Concurrent Sentence</u>

The United States agrees to not recommend consecutive sentences for Counts One and Two at sentencing. This is a case-specific recommendation made in consideration for the defendant's acceptance of responsibility and timely notifiction of his intention to plea in this case. This parties understand that such a recommendation is not binding on the Court and that, if not accepted by the Court, neither the United States nor the defendant will be allowed to wihdraw from the plea agremeent, and the defendant will not be allowed to withdraw from the plea of guilty.

8. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: iPhone, model 12, seized from the defendant on January 27, 2023, which asset was used by the defendant during the commission of the charged offenses.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

Defendant's Initials _____     5

The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other

property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

Defendant's Initials _____     7

9. <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.** **<u>Standard Terms and Conditions</u>**

1. <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such

Defendant's Initials _____   8

counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

    2.    <u>Supervised Release</u>

        The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    <u>Immigration Consequences of Pleading Guilty</u>

        The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

        The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background,

Defendant's Initials          9

character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank

records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials _____      13

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement
has been read in its entirety by (or has been read to) the defendant and that defendant
fully understands its terms.

DATED this 13th day of February 2025.

ROGER B. HANDBERG
United States Attorney

_____
Bryce Fleetwood
Defendant

_____
Sarah Janette Swartzberg
Assistant United States Attorney

_____
Maria Christine Perinetti
Attorney for Defendant

_____
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 5:24-cr-90-TPB-PRL

BRYCE FLEETWOOD

PERSONALIZATION OF ELEMENTS

**Counts One and Two**

Do you admit that on May 11, 2022, and November 15, 2022, in the Middle District of Florida, you knowingly received items of child pornography?

Do you acknowledge that the items of child pornography had been transported in interstate or foreign commerce? Specifically, by cellular telephone and the internet?

Do you admit that when you received the items, you believed the items contained child pornography?

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 5:24-cr-90-TPB-PRL

BRYCE FLEETWOOD

## FACTUAL BASIS

On June 23, 2022, the Polk County Sheriff's Office (PCSO) conducted an investigation regarding a 16-year-old female minor (Victim 1) communicating online with a 24-year-old male identified as Bryce Fleetwood. Fleetwood engaged in sexually graphic conversations with Victim 1, including sending pornography to the minor Victim 1. The conversations occurred using online applications such as Instagram. The Instagram account used by Fleetwood to communicate with Victim 1 was identified as "actualfloridaman_v2." PCSO discovered that Fleetwood had transmitted child pornography to Victim 1 while examining the victim's cell phone. PCSO conducted an interview with Victim 1. Victim 1 stated she had seen pictures of Fleetwood, video chatted with Fleetwood, and had spoken with Fleetwood over the internet on his Instagram account of "actualfloridaman_v2." When Fleetwood first spoke with Victim 1, her online profile stated "18+" in the bio section. When Victim 1 and Fleetwood began communicating, Victim 1 told Fleetwood she was 16 years old. Fleetwood told Victim 1 that he likes girls her age and younger.

Victim 1 and Fleetwood began communicating on Telegram (another online communication application). They exchanged pictures and videos. Victim 1 stated

Defendant's Initials _____        17

that she sent nude pictures of herself to Fleetwood and Fleetwood sent videos to Victim 1 of child pornography. Victim 1 stated these videos depicted children between the ages of 2 years old and 18 years old performing sexual acts. Victim 1 stated Fleetwood told her that he (Fleetwood) had never done this but wanted to. Victim 1 stated that she and Fleetwood would often send sexually charged messages to one another, as if they were having online sex. During these incidents, Fleetwood would request that Victim 1 pretend to be younger than her actual age, starting at age 14, and then continuing to get younger.

PCSO found that Fleetwood had committed a violation of Florida State Statute 847.0138 (Transmission of Material Harmful to Minors). On January 27, 2023, PCSO Detective Castellanete conducted an interview with Fleetwood. The interview was conducted at Fleetwood's residence located in Clermont, Lake County, Florida. During the interview, Fleetwood confirmed his Instagram account is "actualfloridaman_v2." Fleetwood declined to make further statements and elected to have an attorney present during questioning. Fleetwood's Apple iPhone, model 12, cell phone was seized by the Lake County Sheriff's Office (LCSO), who accompanied Det. Castellanete to the interview. LCSO turned the phone over to PCSO Det. Castellanete.

On February 8, 2023, PCSO obtained a State of Florida search warrant for Fleetwood's cell phone. The State of Florida search warrant authorized the search of the Fleetwood's cell phone for evidence related to the allegations of transmitting harmful material to minors. The same day, PCSO Detective Castellanete submitted

Fleetwood's iPhone to the PCSO Forensic Unit for analysis. PCSO did not have the password for the phone. The PCSO Forensic Unit was not able to instantaneously open the phone and conduct the search due to the device utilizing an operating system (iOS 16.1.1) that was not supported for locked devices at the time.

On June 5, 2023, PCSO Forensics performed preliminary extraction (referred to as a Before First Unlock extraction). The preliminary extraction did not contain all the cell phones data due to limitations with the forensic device. PCSO continued to attempt to open the cell phone to obtain a full extraction.

On December 21, 2023, PCSO was able to discover the passcode to Fleetwood's cell phone through random attempts. The passcode was found to be "0000." Utilizing the passcode, PCSO completed a full extraction of Fleetwood's cell phone. PCSO conducted a cursory search of the cell phone. The cell phone was found to contain a Snapchat image of female breasts and the caption "15 yo titties hehe." "15 yo titties" is commonly referring to the breasts of a 15-year-old female. The cell phone also contained a picture of a nude infant male baby in a tub. The picture was sent from Victim 1 to Fleetwood via text message. Fleetwood responded immediately to the baby picture stating, "Oh yes yes hehe c:" and "I want to suck off a middle schooler who is just starting to get bigger." After observing child pornography, the cell phone was returned to evidence in order for the cell phone to be turned over to LCSO – since the possession of child pornography offense occurred in LCSO's jurisdiction.

On February 9, 2024, Homeland Security Investigations (HSI) and LCSO met

Defendant's Initials           19

with PCSO regarding Fleetwood.  HSI and LCSO took possession of the cell phone,

which was placed into LCSO evidence.

On March 8, 2024, U.S. Magistrate Judge Philip R. Lammens signed a federal

search warrant authorizing the search of Fleetwood's cell phone (MDFL Case No.

5:24-mj-1076). On March 12, 2024, an Electronic Investigative Specialist with the

Lake County Sheriff's Office, extracted the data on the cell phone and provided the

data to HSI TFO Keller.

TFO Keller has reviewed the data from Fleetwood's cell phone. TFO Keller

identified at least 870 videos of Child Sexual Abuse Material (CSAM) on

Fleetwood's device. He received these files over the internet. They have affected

interstate and/or foreign commerce. The following is a representative sample of

three of those files:

**File Name:** telegram-cloud-document-1-5071330716910878954_partial
Created Date: 1/12/2023 8:01:21.000 AM UTC
Last Accessed Date/Time: 1/19/2023 12:00:27.000 PM UTC
SHA1 Hash Value: b5ccb8eab9f4c691e59b413e858f5f4f7fa252a1
Description: The video depicts a prepubescent minor nude girl, approximately
8 years old, and has her hands tied with rope above her head and both legs
tied with rope. An adult male is digitally penetrating her vagina and at the
same time penetrating her mouth with his penis.

**File Name:**  telegram-cloud-document-1-5075936657018978997_partial
Created Date/Time: 1/12/2023 8:53:19.000 AM UTC
Last Accessed Date/Time: 1/19/2023 11:15:41.000 AM UTC
SHA1 Hash Value: c2b69d59fb3cf0659d6a6dab4c34664debb732e0e
Description: The video depicts two males standing, approximately 10 years
old, wearing clothing.  One of the males pulls his pants down slightly exposing
an erect penis. The other male drops down to one knee and places the other
male's penis in his mouth and moves his head back and forth.  Both males
look towards the camera.



**File Name:** telegram-cloud-document-1-5046606359714333264
Created Date/Time: 7/2/2022 6:21:09.000 PM UTC
Last Accessed Date/Time:7/18/2022 7:30:00.000 PM UTC
SHA1 Hash Value: 474a3f72a14f32d23f3a41c3b451afa221168186
Description: The video depicts a prepubescent minor nude girl, approximately 8 years old, and is sitting on the floor with her legs open with a dog in front of her. The dog licks her vaginal area, and she lays on her back.

TFO Keller also reviewed Fleetwood's messages on telegram, obtained from the forensic extraction of Fleetwood's cell phone. Based on TFO Keller's review, Fleetwood received multiple videos of CSAM in telegram chats with different users. The following is a description of two of those videos.[1]

**File Name:** telegram-cloud-document-1-5008366109804462836
Created Date/Time: 11/15/2022 6:55:56.000 PM UTC
SHA1 Hash: GSRG7YW2IMA5GCO2UA3JVALMWSB6Y4V4

In a Telegram chat with Telegram chat Fleetwood asks User B D on 11/08/2022 9:29:15.000 PM UTC "Got any preteen content? Telegram User B D replies back on 11/9/2022 4:13:52.000 PM UTC "Nothing really new at the moment sadly." *The next message on the chat is on* 11/15/2022 6:55:56.000 PM UTC with telegram-cloud-document-1-5008366109804462836 from Telegram user B D to Fleetwood. The video shows a prepubescent female approximately 4yoa laying on a bed sleeping. She is wearing a night gown and her panties are pulled down to her thighs exposing her vaginal area. An adult male is digital penetrating her vagina. The adult male later in the video takes his mouth and places it on her vagina and licks her vaginal area with his tongue.

**File Name:** [_PW_10.mp4_]
SHA1 Hash: CLTCEFJ2A6ZLELYC5PBLRQH2T7AY4LVZ

In a second Telegram chat, Telegram user 1751967423 sends video file [_PW_10.mp4_] to Fleetwood on 5/11/2022 2:45:15.000 AM UTC. The video shows a prepubescent male approximately 10 years old laying on the floor on his back showing his erect penis. A naked adult female sits on top of him and they have sexual intercourse. Fleetwood responds back in the chat on 5/11/2022 2:45:41.000

---

[1] Receipt of these two videos is the conduct that is charged in Counts One and Two. Because these videos were received over the internet via Telegram, they have affected interstate or foreign commerce.

Defendant's Initials _///_ 21

AM UTC, "You have a fantastic collection im jealous (;".

TFO Keller has also located several videos of Fleetwood masturbating. The following is a description of two of those videos.

**File Name:** secret-file-4900153957810176604-1
*Created Date/Time:*8/19/2022 4:56:01.000 PM UTC
Last Accessed Date/Time: 12/29/2022 11:03:19.000 AM UTC
SHA1 Hash: 173eede60213cc17c9e56bd6a123cf293164f4cd

Description: The video shows Fleetwood sitting down with a black shirt on with no other garments. Fleetwood has his penis grasped with his right hand actively moving his hand up and down. During the video he says the following *"so fucking addicted to illegal porn I am watching it right now and I want to make my own we should together."*

**File Name:** secret-file-4900272254094410518-1
Created Date/Time: 8/19/2022 3:38:41.000 PM UTC
Last Accessed Date/Time: 10/7/2022 11:15:25.000 AM UTC
SHA1 Hash: d78d878ceca8d778d169c2107765fb4ad123a0cc

Description: The video shows Fleetwood standing without a shirt and black athletic shorts pulled down exposing his penis. Fleetwood has his penis grasped with his right hand actively moving his hand up and down. During the video he says the following "I can't keep my hands off my fucking cock when I see little girls playing outside in tight clothes oh fuck yeah why do I want to fuck a little girl so bad".

TFO Keller has also located different documents on the phone that show Fleetwood's ownership, including a photograph of his Florida Driver's License and a resume belonging to Fleetwood.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.